# In the United States Court of Federal Claims

No. 21-2113T

(Filed: September 21, 2023)

|  |  |
|---|---|
| **JEFFREY HALL and KRISTIN HALL,** | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

## ORDER

On August 24, 2023, the Court issued an opinion denying Jeffrey and Kristin Hall's motion for a protective order and imposing sanctions on Plaintiffs. *Hall v. United States*, 2023 WL 5445431, at *1 (Fed. Cl. Aug. 24, 2023), ECF No. 33. The Court directed that counsel for the parties meet-and-confer to agree upon an appropriate amount to reimburse the government for its reasonable expenses and to file a Joint Status Report either (1) indicating the parties reached an agreement regarding that sum, or (2) explaining their respective proposed calculations. *Id.* at 13. On September 15, 2023, the parties filed a Joint Status Report containing their proposed calculations. ECF No. 34. The Court has reviewed the parties' proposals and applicable case law and agrees with the government.

In *United States v. Krug*, the district court explained that "[t]he starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." 2020 WL 13120141, at *3 (M.D. Fla. June 5, 2020). This Court is persuaded that the $125.00 maximum hourly rate provided in the Equal Access to Justice Act ("EAJA"), 38 U.S.C. § 2412(d)(2)(A), constitutes a reasonable rate. *Id.*; *see also Am. Fed. Bank, FSB v. United States*, 74 Fed. Cl. 208, 220 (2006) ("Although the EAJA is not directly applicable to this case because the costs are not being awarded to the 'prevailing party'… but rather to a party awarded costs and expenses under RCFC 37(c) and this court's inherent authority, the general principles for awarding costs elucidated under the EAJA provide helpful guidelines."); *United States v. City of Jackson*, 359 F.3d 727,

734 (5th Cir. 2004) (holding hourly EAJA rate of $125 is a reasonable fee for a federal government attorney).[1]

Courts have the authority to adjust the $125 hourly sum "to compensate for an increase in the cost of living." *Krug*, 2020 WL 13120141, at *3.[2] In that regard, courts regularly use the Bureau of Labor Statistics' Consumer Price Index for Urban Consumers ("CPI-U") to determine cost of living adjustments. *Id.* In *Krug*, the attorney spent "3 hours preparing and filing" a sanctions motion and one hour waiting for the other party to appear at a mediation. *Id.* The district court awarded compensation at the EAJA rate, adjusted upward based on the CPI-U. *Id.* In accordance with the persuasive guidance in *Krug* and *American Federal Bank*, this Court adopts the EAJA rate, adjusted upward to account for the CPI-U for the Washington, D.C., metropolitan area.

Moreover, this Court finds the government's hours and its description of work reasonable. Defendant's counsel of record reports spending 14 hours responding to Plaintiffs' motion, including the time to read and review Plaintiffs' original, corrected, and renewed motions, as well as to research, write, and revise the government's own filing. ECF No. 34 at 5. These standard legal activities do not require additional documentation. If anything, the modest number of hours for which the government seeks fees comes as a surprise to this Court, which spent considerably more hours on considering and resolving Plaintiffs' motion than the government did in opposing it. Frankly, in the Court's view, Plaintiffs are getting a deal.

Implementing the *Krug* formula, this Court first multiplies the EAJA rate ($125) by the current CPI-U[3] value for the Washington-Arlington-Alexandria area in May 2023 (305.614). The resulting value is then divided by the CPI-U for March 1996 (158.4), which equals $241.17, the adjusted hourly rate. This rate, adjusted for inflation, multiplied by 14 hours equals the $3,858.76 that the government seeks.

Finally, contrary to the Plaintiffs' assertion in the Joint Status Report that the Court ordered them "*personally* to pay the government's expenses incurred to respond to their own motion for a protective order," ECF No. 34 at 1 (emphasis added), the Court did no such thing. It merely explained that "[g]iven that Plaintiffs failed to provide substantial justification for its motion through its opening and reply briefs, the Court orders Plaintiffs

---

[1] The United States Court of Appeals for the Fifth Circuit in *City of Jackson* also pointed out that the government attorney's actual hourly rate was "probably much higher" than $125 and that the government suggested this rate as a "compromise." 359 F.3d at 734.

[2] *See also United States v. Fuess,* 2016 WL 4793171, at *3 (S.D. Cal. Sept. 13, 2016) (using the CPI-U to enhance the EAJA base rate to calculate attorney's fees for time spent on a motion for discovery sanctions).

[3] *See* ECF No. 34, Exhibit 1 (U.S. Bureau of Labor Statistics Table).

to pay the government's reasonable expenses for opposing Plaintiffs' motion for a protective order." ECF No. 33 at 13. The Court did *not* expressly allocate payment responsibility to Plaintiffs, as opposed to their counsel. *Id.* Indeed, it is unclear to this Court whether the Halls themselves or their attorney ultimately should bear responsibility for the decision to file the motion for a protective order with the arguments this Court rejected. And, in general, the Court is not blind to the idea that a client may play a role in advancing particular legal positions or in failing to comply with valid discovery requests. Thus, Plaintiffs and their counsel remain free to determine amongst themselves who should ultimately bear the expense for the fees that must now be paid to the government.[4] But because Plaintiffs' counsel of record signed the pleading at issue and filed it with this Court, Plaintiffs' counsel is ordered, in the first instance, to ensure that the amount owed to the government is paid within 60 days of this order (*i.e.*, on or before November 20, 2023).

For the foregoing reasons, this Court orders that the United States shall be reimbursed in the amount of $3,858.76 for the time the government spent reviewing, evaluating, and responding to Plaintiffs' (unreasonable) motion.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[4] In contrast, in *Multiservice Joint Venture, LLC v. United States*, then-Judge Wheeler of this Court ordered that "Plaintiff's counsel shall pay Defendant's reasonable attorneys' fees and costs." 85 Fed. Cl. 106, 114 (2008), *aff'd*, 374 F. App'x 963 (Fed. Cir. 2010). In that case, Judge Wheeler determined that "Plaintiff's counsel of record ultimately is responsible to the Court for Plaintiff's conduct in these proceedings[,]" and thus "Plaintiff's counsel shall personally reimburse Defendant for its reasonable fees and costs, and shall not require Multiservice or its principals or employees to pay any portion of counsel's liability." 85 Fed. Cl. at 114; *see also Penna v. United States*, 153 Fed. Cl. 6, 44 (2021) (expressly imposing sanctions on plaintiff's counsel of record only and "not his client" (quoting *Canvs Corp. v. United States*, 104 Fed. Cl. 727, 734 (2012)). This Court has not made a similar determination here.