# In the United States Court of Federal Claims

No. 21-2113T

(Filed: May 13, 2024)

|  | ) |
| --- | --- |
| **JEFFREY HALL and KRISTIN HALL,** | ) |
|  | ) |
| *Plaintiffs,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| **THE UNITED STATES,** | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

### ORDER

Currently pending before the Court are two fully briefed motions: (1) the government's motion to compel discovery with respect to several interrogatories the Halls allegedly did not adequately answer, ECF No. 48; and (2) the government's motion for sanctions predicated on the Halls' late production of a group of documents, ECF No. 50. On May 8, 2024, the Court held oral argument on the motions. Minute Order (May 8, 2024). For the reasons explained below, the Court grants both of the government's motions. This is not a close call. To the contrary, Plaintiffs, Jeffrey and Kristin Hall, or their counsel, will have to incur additional litigation costs simply because someone failed to adhere to basic litigation requirements.

I. **Procedural Background**

On October 29, 2021, Plaintiffs, Jeffrey and Kristin Hall, filed a tax refund complaint against Defendant, the United States. ECF No. 1. The United States has waived sovereign immunity for, and Congress has provided this Court jurisdiction to decide, tax refund suits pursuant to 28 U.S.C. §§ 1346(a)(1), 1491.[1] This grant of jurisdiction to the Court is limited by other provisions of the Internal Revenue Code.

---

[1] "While 28 U.S.C. 1346(a)(1) mentions the Court of Federal Claims in the course of conferring jurisdiction on district courts, it is not the source of the Court of Federal Claims' jurisdiction over tax refund cases; rather, such jurisdiction is based on 28 U.S.C. § 1491, which pre-dated section 1346(a)(1)." *Topsnik v. United States*, 120 Fed. Cl. 282, 286 n.3 (2015) (citing *Ferguson v. United States*, 118 Fed. Cl. 762, 763 n.2 (2014), and cases cited therein).

*RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008)).

First, a plaintiff must satisfy the full payment rule, which requires that the principal tax deficiency be paid in full.  *See Shore v. United States*, 9 F.3d 1524, 1526–27 (Fed. Cir. 1993).  Second, before seeking relief from the Court, the taxpayer must have "duly filed" a valid claim for refund with the IRS in accordance with the "the provisions of [internal revenue] law" and "the regulations of the Secretary established in pursuance thereof."  26 U.S.C. § 7422(a). In addition, 26 U.S.C § 6511(a) imposes a timeliness requirement for tax refund administrative claims, requiring that all refund claims be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is later.

A taxpayer seeking a refund from the IRS may file either a formal or an informal claim, provided that the form of the claim puts the IRS sufficiently on notice of the fact that the taxpayer is claiming a refund.  *See Computervision Corp. v. United States*, 445 F.3d 1355, 1363-64 (Fed. Cir. 2006) (noting that this requirement "is designed both to prevent surprise and to give adequate notice to the [IRS] of the nature of the claim and the specific facts upon which it is predicated, thereby permitting an administrative investigation and determination"), *cert. denied*, 549 U.S. 1338 (2007); *see also First Nat. Bank of Fayetteville, Ark. v. United States*, 727 F.2d 741, 744 (Fed. Cir. 1984) ("[T]he claim [must] set forth in detail each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.").

Because the IRS must be apprised sufficiently of a refund claim for it to be deemed valid for jurisdictional purposes, "new claims or theories raised subsequent to the initial refund claim are not permitted where they substantially vary from the theories initially raised in the original claim for refund." *Cencast Servs., L.P. v. United States*, 729 F.3d 1352, 1367 (Fed. Cir. 2013); *see Ottawa Silica Co. v. United States*, 699 F.2d 1124, 1138 (Fed. Cir. 1983).  The applicable regulations provide that a taxpayer must file a claim for refund "on the form so prescribed" and "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof."  26 C.F.R. §§ 301.6402-2(b)(1), (c).

The IRS form that is generally used to claim a refund of a penalty is Form 843, entitled "Claim for Refund and Request for Abatement."[13]  Thus, a taxpayer ordinarily must submit Form 843 to the IRS prior to filing a tax refund suit.  *Id.*  Where a plaintiff

2

has failed to submit an administrative tax claim, we are without jurisdiction to hear the case. *Brown v. United States*, 22 F.4th 1008, 1011–12 (Fed. Cir. 2022).[2]

On the other hand, an "informal claim" may be valid, but for such a claim to satisfy this Court's tax refund claim prerequisites, the claim must sufficiently apprise the IRS of the dispute, such as through "written protests prior to payment." *Computervision Corp.*, 445 F.3d at 1365 (citing *Newton v. United States*, 143 Ct. Cl. 293, 163 F. Supp. 614, 619-20 (1958)); *see, e.g.*, *Bibbs v. United States*, 230 F.3d 1378 (Fed. Cir. 2000) (unpublished) (citing *Arch Eng'g Co., Inc. v. United States*, 783 F.2d 190, 192 (Fed. Cir. 1986), for the proposition that minimum requirements for an "informal" refund claim include written request for sums paid for a particular tax year). However, as the Court of Claims held in *Newton*, "[n]o hard and fast rules can be applied because it is a combination of facts and circumstances which must ultimately determine whether or not an informal claim constituting notice to the Commissioner has been made." 163 F. Supp. at 619. Instead, "each case must be decided on its own peculiar set of facts with a view towards determining whether under those facts the Commissioner knew, or should have known, that a claim was being made." *Id.*

Finally, "[i]n tax refund suits, the court conducts a de novo review." *Hartman v. United States*, 99 Fed. Cl. 168, 179 (2011) (citing *George E. Warren Corp. v. United States*, 141 F. Supp. 935, 940 (Ct. Cl. 1956)), *aff'd*, 694 F.3d 96 (Fed. Cir. 2012). "The taxpayer bears the burden of proving that the amount of tax assessed and collected by the IRS is incorrect, and the amount he or she is entitled to recover." *Id.* (internal citations omitted) (citing *Helvering v. Taylor,* 293 U.S. 507, 515 (1935), and *United States v. Janis,* 428 U.S. 433, 440 (1976)).

In this case, the Halls' administrative tax refund claim to the IRS consisted of their 1040X form for the tax year 2015. Compl. ¶ 4 & n.2 (describing Compl. at Exhibit A). Indeed, the complaint appears limited to a claim for "the full requested refund for tax year 2015." Compl. at 7; *see also* Compl. ¶ 32 ("Prayer for Relief") (asserting that "[t]he Halls should be awarded their full claimed tax refund for 2015 along with interest accrual and all reasonable costs and attorneys [sic] fees . . .").

---

[2] Our appellate court, the United States Court of Appeals for the Federal Circuit, has since clarified that the jurisdictional nature of the refund claim process attaches to "the fact of filing" the claim within statutory time limits, but not to 26 U.S.C. § 7422's "duly filed" requirements regarding the "adequacy of the filing," which is not a jurisdictional issue. See *Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (citing *Brown*, 22 F.4th at 1011–12).

## II.     The Pending Motions

The government's motion to compel argues that the government requires, and is entitled to, more fulsome or simply complete responsive answers to three interrogatories: Interrogatories 16, 17, and 19, first served on the Halls on or about November 22, 2023. Def. Mot. Compel Disc., Ex. A, App. at 2, ECF No. 48. The import of those interrogatories to the Court is clear: the government is trying to pin the Halls down regarding what sums, if any, they are seeking as part of their refund claim at issue. In particular, the government is entitled to know whether the Halls seek a judgment that includes not only sums expressly identified in their administrative claim to the IRS, but also other amounts under the substantial variance doctrine. *Computervision Corp.*, 445 F.3d at 1371 (rejecting "amended claim" as "not in fact germane to the original claim" where "[t]he original claim did not merely claim an identical amount under a different theory" but rather "claimed a different amount under a different theory").

The substance of the Halls' opposition to the government's motion to compel scarcely spans two pages and fails to explain how the current state of the interrogatory responses answers the mail. ECF No. 49 at 3-4. Indeed, with respect to Interrogatory 19, the Halls assert only that the issue is moot because of a related document production. *Id.* at 4. The government in reply, ECF No. 52 at 5, counters that the motion is not moot, maintaining that "even if defendant tried to calculate plaintiffs' losses for itself, the documents do not provide sufficient information." *Id.*

The Court is persuaded that government is correct. Plaintiffs must answer Interrogatories 16, 17, and 19 in a fulsome and complete manner consistent with this Court's rules. Incorporating by reference unsworn letters or piles of documents or lines of spreadsheets without explanation will not suffice. Indeed, during oral argument, counsel of record for the Halls all but conceded that there *are* answers to the government's questions — and that, in fact, the Halls are seeking the refund of sums *not* identified within the administrative claim at issue. The Halls' interrogatory responses do not reflect that information.

The Court further grants the government's motion for sanctions due to the Halls' late production of documents. There is no dispute that the Halls — after the close of discovery and after the government had taken their respective depositions — produced a substantial number of new documents, although it is not clear precisely how many. The Halls do not argue that their failure to make a timely document production was harmless. ECF No. 51 at 4. Instead, they argue that the government's document requests never properly sought the documents at issue, and thus the Halls were under no obligation to produce them. *Id.*

According to the Halls, they "reasonably construed" the applicable document request "as seeking documents relating to the purchase and sale transaction involving the Topaz property . . . and produced those documents." ECF No. 51 at 4.  But the Halls simply ignore — as the government points out in reply, ECF No. 54 at 2 — that the document request was framed in terms of a "[r]eal estate contract," a term the government defined in a manner that clearly covered the documents the Halls produced too late.  ECF No. 50-1 at 4.

In any event, the Halls concede that there was another document request, Request for Documents No. 20 — a catchall — upon which the government relies.  That request sought "[a]ll documents not covered by another request for production that plaintiffs intend to rely on to support any allegation in the complaint, without regard to the specified timeframe."  *Id.* at 7 (¶ 20).  Because the government asks the Court to preclude the Halls from relying on any documents tardily produced, the Court, in turn, asked counsel for the Halls whether he intended to rely on those documents going forward.  If the answer is "yes," explained the Court, then they were covered by the catchall request.  If the answer is "no," then it would be harmless error, at worst, if the Court were to grant the government's motion.  In response, counsel for the Halls indicated he required the documents for their case.  Accordingly, the government was entitled to — but did not receive — a timely document production.

The Halls argue that the government's Request for Documents No. 20 is "hopelessly vague and ambiguous," but that assertion is truly frivolous.  First, Plaintiffs provide no explanation whatsoever of *why* the request is vague or ambiguous.  Second, the request is clear and reasonable.  We don't do trial by ambush in this country, so when an appropriate document request is made to turn over whatever a party plans to use in the case, compliance isn't optional.  *Ideal Innovations, Inc. v. United States*, 167 Fed. Cl. 314, 344 (2023) (explaining that "the very goals and purpose of the discovery process [are] eliminating 'trial by ambush'" (quoting *Sec. & Exch. Comm'n v. GenAudio Inc.*, 32 F.4th 902, 938 (10th Cir. 2022)).  As RCFC 26(a)(1)(A) provides:

> Except as exempted by RCFC 26(a)(1)(B), . . . a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Courts have deemed permissible requests for production of documents that a party intends to use at trial.  *Peralta v. Swetalla*, 2021 WL 916055, at *4 (E.D. Cal. Mar. 10, 2021);

5

*see also Clinton v. Cal. Dep't of Corr.*, 2009 WL 1617811, at *1 (E.D. Cal. June 9, 2009) (granting defendant's motion to compel plaintiff "to produce all documents he intends to use at trial").

The Halls did not argue in opposition to the government's motion that their failure to make a timely document production was harmless.  ECF No. 51 at 4.  Nor could they credibly do so, as there are documents the government did not have when it took the Halls' respective depositions.  Accordingly, the Court asked counsel of record for the Halls whether he (or his clients) wish to forego using the documents that were not produced in a timely manner, or whether they prefer to reopen discovery, as the government seeks in the alternative.  The Halls elected the latter.

**III.     Relief**

The discovery period in this case is hereby reopened for a period of 60 days, until July 12, 2024, solely for the purpose of the government's obtaining the discovery to which it is entitled pursuant to the Rules of this Court.

The Halls shall provide new interrogatory answers to the government, as detailed herein, on or before June 12, 2024.  Furthermore, pursuant to RCFC 37 (a)(5)(A), counsel of record for the Halls must file a brief, not to exceed five (5) pages, explaining why he or the Halls should not have "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[3]  That brief shall be filed within 14 days, on or before May 27, 2024.

In connection with the documents that the government did not have during the first set of depositions, the government may take new depositions of the Halls, not to exceed a total of eight (8) hours, divided between the Halls as the government may elect. Furthermore, the government is entitled to its litigation costs for the new depositions, as well as the costs of the sanctions litigation, RCFC 37(c)(1)(A).[4]

Counsel of record for both parties shall meet-and-confer regarding the government's costs and expenses at issue.  On or before August 12, 2024, the parties shall file a joint status report, indicating that the parties have reached an agreement on that

---

[3] If the Halls' counsel of record directed the strategy here (*i.e.*, to oppose the government's motion in lieu of providing responsive interrogatory answers), then he likely will have to pay the government's costs without recourse to his client.

[4] If the Halls' counsel of record is responsible for the late production of documents, and/or for the decision to litigate the sanctions motion in lieu of agreeing to reopen the deposition(s), then he must bear the costs of the new deposition — and reimburse the government's costs — without recourse to the Halls.  The Court leaves that question for the Halls to resolve with their counsel.

6

sum and settled the issue, or the parties shall explain with particularity their respective positions regarding what total sum the government should be awarded pursuant to this Order.  Counsel of record for the Halls shall provide a copy of this Order within seven (7) days to the Halls and shall certify compliance with this instruction in the joint status report.

**IT IS SO ORDERED**.

<u>s/Matthew H. Solomson</u>
Matthew H. Solomson
Judge